IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FITZGERALD RUSSAW, # 202886,       )
                                   )
          Petitioner,              )
                                   )
     v.                            )     Civil Action No. 1:17cv76-ECM
                                   )              [WO]
KARLA JONES, *et al.,*             )
                                   )
          Respondents.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Fitzgerald Russaw on February 7, 2017.  Doc. 1.[1]

## I.   BACKGROUND

In May 2014, a Houston County grand jury indicted Russaw for attempted murder,

in violation of §§ 13A-6-2 & 13A-4-2, Ala. Code 1975.  Russaw's case came to trial in

October 2014.  The Alabama Court of Criminal Appeals briefly summarized the evidence

adduced at trial:

> The evidence at trial revealed that on May 7, 2014, Russaw, along with Isaac
> Lockhart and several other individuals, attended a gathering at the home of
> Iris Threat.  Russaw, Lockhart, and two other men were playing a card game
> in the front yard when Russaw and Lockhart got into a verbal altercation.
> Lockhart testified that he decided to go home and began walking toward his
> bicycle when he heard two gunshots behind him.  According to Lockhart, he
> turned around to find Russaw pointing a gun at his head.  Lockhart stated
> that he attempted to knock the gun out of Russaw's hand but that Russaw

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the
court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to
the page of the electronically filed document in the court's CM/ECF filing system, which may not
correspond to pagination on the "hard copy" of the document presented for filing.

fired the gun before he could be disarmed.  Further testimony indicated that
the bullet grazed Lockhart's head fracturing his cheek bone.

Doc. 8-10 at 2–3.

On October 8, 2014, the jury found Russaw guilty of the attempted-murder charge
in the indictment.  On November 13, 2014, the trial court sentenced Russaw as a habitual
felony offender to 99 years' imprisonment.

Russaw appealed, arguing that (1) he was denied effective assistance of trial
counsel; (2) the indictment was void; (3) the State introduced evidence without proving a
proper chain of custody and through a flawed photographic lineup; (4) the State failed to
disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (5)
the State submitted false and inconsistent testimony; (6) his Sixth Amendment right to
confront witnesses against him was violated because the State did not present medical
evidence documenting the victim's injuries; and (7) the trial court erred in admitting a
recording from the interrogation room at the police department made while he was awaiting
interrogation.[2]  Doc. 8-6.

On September 18, 2015, the Alabama Court of Criminal Appeals affirmed Russaw's
conviction and sentence by memorandum opinion.[3]  Doc. 8-10.  Russaw applied for

---

[2] Russaw proceeded *pro se* on appeal after waiving his right to appointed counsel on appeal.  *See* Docs. 8-4 to 8-7.

[3] The Alabama Court of Criminal Appeals found that Russaw's claims that he received ineffective assistance of trial counsel, that his indictment was void, that the State's evidence was improperly admitted, and that the State violated *Brady* were not preserved for appellate review.  Doc. 8-10 at 3–4.  It rejected Russaw's claim regarding the State's submission of purportedly false evidence as a meritless claim challenging the weight of the evidence.  *Id.* at 4–6.  It then found that Russaw had waived his claim that he

rehearing, which was overruled.  Docs. 8-9 & 8-10.  Russaw filed no petition for writ of certiorari with the Alabama Supreme Court.

On March 19, 2016, Russaw filed a *pro se* petition in the trial court seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure.  Doc. 8-14 at 5–55.  Russaw's Rule 32 petition asserted the following claims:

1. Trial counsel was ineffective for failing to (a) adequately investigate the case to discover that there was no evidence of serious physical injury to the victim and then asking the trial court to sentence Russaw based on a serious physical injury; (b) adequately investigate the case to find evidence to attack the victim's credibility; (c) present evidence to impeach the victim; (d) review discovery provided by the State; and (e) sufficiently meet with Russaw to prepare for trial.

2. Trial counsel was ineffective for failing to challenge a material variance between the indictment and the proof at trial and the sufficiency of the State's proof.

3. Trial counsel was ineffective for failing to challenge the legality of Russaw's arrest on grounds there was an insufficient affidavit to support the arrest warrant.

4. Trial counsel was ineffective for failing to move to dismiss the indictment as void.

5. Trial counsel was ineffective for failing to move to exclude the gun allegedly used in the crime.

6. Trial counsel was ineffective for failing to challenge the admission of Russaw's confession.

7. The State's evidence was insufficient to support the conviction, and the trial court erred by admitting evidence of Russaw's mugshot and by not instructing the jury regarding intoxication.

---

was denied his right to confront witnesses by failing to properly brief the issue.  *Id*. at 6.  Finally, it rejected Russaw's claim challenging the admission of a recording from the police interrogation room as meritless. *Id.* at 7–8.

8. The State's photographic array was overly suggestive.

9. A material variance existed between the indictment and the State's evidence.

10. The indictment was flawed because it did not accurately recite the provisions of §§ 13A-4-2 and 13A-6-2.

11. Russaw's conviction arose from the State's acts of malicious prosecution, including its use of coerced confessions, introduction of unlawful evidence in violation of *Miranda*, and withholding of evidence in violation of *Brady*.

Doc. 8-14 at 5–55.

On April 27, 2016, the State filed a response and motion for summary disposition, arguing that Russaw's claims either were raised at trial or on appeal or could have been, but were not, raised at trial or on appeal, and that Russaw had failed to satisfy his burden of proof to obtain Rule 32 relief. Doc. 8-14 at 56–57. On April 29, 2016, the trial court entered an order granting the State's motion for summary disposition and denying Russaw's Rule 32 petition. Doc. 8-14 at 58.

Russaw appealed, and on September 2, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment. Doc. 8-17. Russaw applied for rehearing, which was overruled. Docs. 8-18 & 8-19. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on November 10, 2016. Docs. 8-20 & 8-21.

On February 7, 2017, Russaw initiated this habeas action by filing a § 2254 petition presenting the following claims:

1. His trial counsel rendered ineffective assistance by failing to adequately investigate his case to discover that there was no evidence of serious physical injury to the victim and then asking the trial court to sentence him based on a serious physical injury."

2. The State maliciously prosecuted him by charging him for a "false crime . . . where no one was shot."

3. The trial court lacked subject matter jurisdiction because the State's evidence was insufficient to prove attempted murder.

4. The indictment was void because it charged him with attempted murder after he was originally charged with the lesser offense of attempted assault in the first degree.

5. Evidence regarding a handgun was admitted without a proper chain of custody.

6. The State solicited and introduced perjured testimony at his trial.

7. The testimony of the State's witnesses was inconsistent.

8. His sentence is illegal and his conviction wrongful, because there was no medical evidence he shot the victim.

Doc. 1 at 5–18.

The Respondents filed an answer in which they contend Russaw's § 2254 petition should be denied because his claims present no basis for relief.  Doc. 8.  The Respondents argue that Russaw's claim of ineffective assistance of counsel lacks merit and the state court decision denying the claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law.   The Respondents argue that Russaw's remaining claims are not true federal claims, and even if they are federal claims, they are procedurally defaulted.  The Respondents further argue that even if these claims constitute reviewable federal claims and are not procedurally barred, they lack merit and the state

court decision denying the claims was neither contrary to nor an unreasonable application of clearly established Supreme Court law.

After careful review of the § 2254 petition, the parties' submissions, and the record, the undersigned finds that Russaw's petition should be denied without an evidentiary hearing and this case dismissed with prejudice.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Claims Adjudicated on Merits

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief."  *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010). For claims adjudicated on the merits by the state courts and properly before the federal court, a writ of habeas corpus shall be granted only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA modified the federal courts' role in reviewing a state prisoner habeas applications to prevent "federal habeas 'retrials'" and to ensure that state court convictions are given effect to the extent possible under law.  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

A state-court decision is "contrary to" federal law under § 2254(d)(1) "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. Under the "unreasonable application" standard, this court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams v. Taylor*, 529 U.S. 362, 411–13 (2000) (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter,* 562 U.S. 86, 102 (2011).

The Supreme Court recently reemphasized this deferential standard, holding that "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted).

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

As for the unreasonable-determination-of-facts prong under § 2254(d)(2), the federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain,* 135 S.Ct. 2269, 2277 (2015) (citation omitted). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id*. (quotation marks and citations omitted). Factual issues made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Supreme Court has recognized there is a question about the relationship between § 2254(d)(2)'s "unreasonable determination of the facts" standard and § 2254(e)(1)'s presumption, but it has "not yet defined the precise relationship between [them.]" *Brumfield*, 135 S. Ct. at 2282 (quotation marks and citation omitted). If a petitioner failed to develop the factual basis of a claim in state court, the federal court cannot hold an evidentiary hearing unless the petitioner shows "the claim relies on . . . a new rule of constitutional law, made retroactive . . . ; or . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that

but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

## B.    Ineffective Assistance of Counsel

Russaw claims that his trial counsel rendered ineffective assistance by failing to adequately investigate the case to discover there was no evidence of serious physical injury to the victim, Isaac Lockhart, and then asking the trial court to sentence him based on a serious physical injury to Lockhart." Doc. 1 at 5–6; *see* Doc. 2 at 15–33. Russaw raised this claim in his Rule 32 petition and pursued it in his Rule 32 appeal to the Alabama Court of Criminal Appeals and his petition for certiorari filed with the Alabama Supreme Court.

Russaw set forth this claim in his Rule 32 petition as follows:

> Where Public Defender, Thomas Smith actually asked trial Judge to sentence Petitioner to a serious physical injury and had Thomas Smith studied and investigated the case, he (Thomas Smith) would have known that there were no serious physical injury. (*See Police Report Page #2 of Exhibit attached inside bottom right*) But instead, Mr. Smith asked and allowed the Petitioner to be illegally sentenced to a crime that never took place. Petitioner never spoke with Mr. Smith, not even once about the case. Once the Petitioner finally saw Thomas Smith, he personally stated "He never had time to investigate nor go over the case." So therefore Mr. Smith entered the trial without any trial strategy at all in the Petitioner's defense. As if Mr. Smith would have investigated the case he would have known that there were no medical records or any professional personnel at all in trial even show of any alleged injury. As the victim was very intoxicated and changed stories several times to police on police report, victim told another different story at trial under oath. All witnesses admitted in trial that the victim never was shot or attempted to be shot or hit with a handgun. Which makes Thomas Smith very ineffective for not investigating the case nor did he ever talk to Petitioner. Mr. Smith took Petitioner to trial unaware of anything concerning the case. Once again as Thomas Smith quoted, "He never had time to go over the case."

Doc. 8-14 at 15.

In its memorandum opinion affirming the trial court's denial of Russaw's Rule 32 petition, the Alabama Court of Criminal Appeals addressed this claim:

> [W]e have thoroughly reviewed Russaw's petition and we conclude that this claim of ineffective assistance of counsel was not sufficiently pleaded to satisfy the requirements in Rule 32.3, Ala. R. Crim. P., which provides that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief," and Rule 32.6(b), Ala. R. Crim. P., which provides that ''[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

Doc. 8-17 at 6–7.[4]

Eleventh Circuit precedent holds that a ruling by an Alabama court under Rule 32.6(b) of the Alabama Rules of Criminal Procedure, as the Alabama Court of Criminal Appeals did with Russaw's ineffective-assistance claim, is an adjudication on the merits. *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011); *Powell v. Allen*, 602 F.3d 1263, 1272 (11th Cir. 2010).   Therefore, this claim is subject to federal habeas review under the standards of 28 U.S.C. § 2254(d).

A claim of ineffective assistance of counsel is evaluated against the two-part test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of

---

[4] The Alabama Court of Criminal Appeals held that, to the extent Russaw's Rule 32 petition alleged that his counsel failed to spend an adequate amount of time with him before trial, Russaw abandoned such a claim by failing to mention or argue the claim in his appellate brief.  Doc. 8-17 at 5–6.  This was an adequate and independent state procedural ground for denying relief.  (See discussion of procedurally defaulted claims in Part II.B of this Recommendation.)

reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  Under the prejudice component of *Strickland,* "a reasonable probability" of a different result is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*Strickland* is the governing federal law for assessing claims of ineffective assistance of counsel.  A federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.,* 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).  Here, applying the proper measure of deference to counsel's performance and to the state court's ruling, the undersigned finds that Russaw fails to show that the state court's denial of his ineffective-assistance-of-counsel claim was an unreasonable application of *Strickland* or any other federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 404–05 & 412–13.  Nor has Russaw presented clear and convincing evidence to rebut the presumption of correctness given to the state court's determinations of fact.  28 U.S.C. § 2254(d)(2) & (e)(1).

Although defense counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," *Strickland*, 466 U.S. at 691, general allegations of counsel's failure to investigate will not sustain a claim of ineffective assistance of counsel. *See Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005). "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (citing *United States v. Green*. 882 F.2d 999, 1003 (5th Cir. 1989)). Russaw does not specify the information or evidence his counsel would have discovered had he conducted a better investigation, or what other type of a defense his counsel could have pursued successfully with the benefit of additional investigation.

Russaw's assertion that by conducting further investigation, his counsel "would have known that there were no medical records or any professional personnel at all" to provide evidence about the severity of Lockhart's injury does not establish how the outcome of his trial would have been different had counsel conducted an investigation that uncovered such evidence. The police report referenced by Russaw in his Rule 32 petition contains no information inconsistent with the material evidence presented at trial or not indicated in the cross-examination of the State's witnesses by Russaw's counsel. *See* Doc. 8-14 at 49.

The jury was presented with ample evidence regarding the nature of Lockhart's injuries, and Russaw points to no undiscovered or unpresented evidence that might have

shed further light on Lockhart's injuries to decrease the likelihood of his conviction for attempted murder.  Several witnesses confirmed that Lockhart was bleeding from his face after the shooting.   There was also evidence that Lockhart received minor medical treatment and stitches to his face and that a permanent scar remained from the injury. Lockhart testified that his cheekbone was fractured in the incident.   Through cross-examination of the State's witnesses, Russaw's counsel sought to establish that the wound to Lockhart's face was not caused by a graze from a bullet fired by Russaw (as the State argued), but instead resulted from Lockhart being struck in the face, possibly by the pistol, during a physical tussle between Lockhart and Russaw.[5]  Russaw does not show that any medical records, or any other unpresented evidence, existed that would have supported his claim that Lockhart's facial injury was not caused by a bullet graze.

Significantly for purposes of his ineffective-assistance claim, Russaw's insistence that Lockhart did not sustain a serious physical injury is beside the point, as it was unnecessary for Lockhart to have sustained *any* injury for Russaw to be convicted of attempted murder.  Physical injury to the victim is not an element of attempted murder. *See* §§ 13A-6-2 & 13A-4-2, Ala. Code 1975.  What matters is whether Russaw attempted to kill Lockhart by firing a gun at him.   Although Russaw maintains that his counsel "allowed" the court to sentence him for a serious physical injury, this is not so.  A review of the trial transcript reveals that Russaw's counsel "allowed" the trial court to charge the

---

[5] Corporal Scott Owens, a criminal investigator with the Dothan Police Department who responded to the scene, spoke to Lockhart before he was treated by medical personnel.  *See* Doc. 8-3 at 72.  Over objection by Russaw's counsel, Owens testified that the wound to Lockhart's face appeared to be a gunshot graze and that there appeared to be black gunshot residue or stippling around the wound. *Id* at 74–76.

jury on the lesser-included offense of first-degree assault, where serious physical injury is an element. *See* Doc. 8-3 at 112. However, it is apparent that this was a strategic decision by counsel made in hopes that, if Russaw were convicted, the conviction would at worst be on the lesser charge[6] and not the attempted-murder charge in the indictment.[7]

The jury found Russaw guilty of attempted murder, which required no finding regarding the seriousness of Russaw's injuries or that he was even injured. *See Tullis v. Barrett*, 2016 WL 3010230, at *2 (M.D. Ala. 2016) ("[T]the question of whether the victim sustained a 'serious physical injury' was ultimately most relevant to whether Tullis's attack on the victim constituted the lesser-included offense of first-degree assault, which requires serious physical injury. Tullis was convicted of attempted murder. What Tullis continually fails to appreciate is that she could have been convicted of attempted murder without showing that the victim was even injured at all."). Thus, even if Russaw's counsel is assumed to have conducted an inadequate investigation, Russaw can show no prejudice resulting from counsel's allegedly deficient performance in this regard. *See Palmer*, 408 F.3d at 445 (the defendant could not show prejudice, because he failed to demonstrate specifically what further evidence would have been uncovered and how it would have affected the outcome of the trial, and instead, rested on general allegations, which the court held were insufficient); *see also, e.g., United States v. Price*, 357 F. Supp. 2d 63, 67–68

---

[6] The trial court also charged the jury on the lesser-included offenses of attempted first-degree assault and second-degree assault.

[7] Under Alabama law, first-degree assault is a Class B felony, *see* § 13A-6-20(b), Ala. Code 1975, and attempted murder is a Class A felony, see § 13A-4-2(d)(1), Ala. Code 1975.

(D.D.C. 2004).   Russaw is not entitled to habeas relief on this claim of ineffective assistance of counsel.

## B.   Procedurally Defaulted Claims

The Respondents argue that the remaining claims in Russaw's § 2254 petition are procedurally defaulted because the last state court to address the claims rejected them on state procedural grounds.   Doc. 8 at 27–29.   As discussed below, this court agrees with the Respondents' procedural-default argument.[8]

### 1.   *Adequate And Independent State Ground*

Federal habeas review may be unavailable for claims that a state appellate court has rejected on state procedural grounds.   *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted."   *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991).   "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief."   *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.   *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935).   Thus, by

---

[8] This court finds it unnecessary to address the Respondents' alternative argument that these claims are not true federal claims.

applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.  In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Russaw presents the following claims in his § 2254 petition, which the Respondents say are procedurally defaulted:

- The State maliciously prosecuted him by charging him for a "false crime" where "no one was shot."  Doc. 1 at 6–8; *see* Doc. 2 at 34–37.

- The trial court lacked subject matter jurisdiction because the State's evidence was insufficient to prove attempted murder.  Doc. 1 at 8–9; *see* Doc. 2 at 38–39.

- The indictment was void because it charged him with attempted murder after he was originally charged with the lesser offense of attempted assault in the first degree.  Doc. 1 at 9–11; *see* Doc. 2 at 40–42.

- Evidence regarding a handgun was admitted without a proper chain of custody.  Doc. 1 at 15; *see* Doc. 2 at 43–44.

- The State solicited and introduced perjured testimony at his trial.  Doc. 1 at 16; *see* Doc. 2 at 45–48.

- The testimony of the State's witnesses was inconsistent.  Doc. 1 at 17; *see* Doc. 2 at 49–59.

- His sentence is illegal and his conviction wrongful, because there was no medical evidence he shot the victim.  Doc. 1 at 18; *see* Doc. 2 at 63–65.

Russaw asserted the above-listed claims in his Rule 32 petition and on appeal from the denial of that petition.  In Russaw's Rule 32 appeal, the Alabama Court of Criminal Appeals held these claims were procedurally barred under Rules 32.2(a)(3) and (5) of the

16

Alabama Rules of Criminal Procedure because they could have been raised at trial and on direct appeal, but were not. *See* Ala.R.Crim.P. 32.2(a)(3) & (5). Doc. 8-17 at 6. That court further noted that while Russaw raised certain of his claims on direct appeal, those claims had been held barred from appellate review on direct appeal because Russaw failed to raise them first in the trial court. Doc. 8-17 at 6. The record reflects that in Russaw's direct appeal, the Alabama Court of Criminal Appeals held that claims by Russaw that his indictment was void and that physical evidence was admitted without proof of a proper chain of custody were barred from appellate review because Russaw failed to present the claims first in the trial court.[9] Doc. 8-10 at 3–4.

The Alabama Court of Criminal Appeals' application of Ala.R.Crim.P. 32.2(a)(3) and (5), and its application of the the rules of preservation of issues for appeal, to Russaw's claims constituted adequate and independent state procedural grounds for denying relief. These procedural bars are firmly established and regularly followed by Alabama appellate

---

[9] The undersigned notes that Russaw failed to properly exhaust the claims he raised on direct appeal in the state courts, because he did not file a petition for certiorari with the Alabama Supreme Court during the direct-review stage of his proceedings. Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). It is too late under Alabama's procedural rules for Russaw to return to state court to properly exhaust the claims he failed to exhaust in 2015.

courts.[10] *See, e.g., Williams v. State*, 782 So. 2d 811, 841 (Ala. Crim. App. 2000); *Brownlee v. Haley*, 306 F.3d 1043, 1065–66 (11th Cir. 2002); *Ex parte Coulliette*, 857 So. 2d 793, 794–95 (Ala. 2003).  Consequently, Russaw's claims here are procedurally defaulted.  *See Marek,* 62 F.3d at 1301–02.

### 2.    *Exceptions to Procedural Default*

This court may reach the merits of Russaw's procedurally defaulted claims only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without showing cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495–96.  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id*.

<u>Cause and Prejudice</u>

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray*, 477 U.S. at 488.  Prejudice in this context requires a showing that the error complained of worked to the defendant's "actual

---

[10] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Russaw does not try to demonstrate cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules or the existence of actual prejudice emanating from infringement of federal law. Thus, the "cause and prejudice" exception to procedural default does not apply to the claims in his petition.

### Actual Innocence

Absent a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537–38 (1986). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Russaw fails to make the requisite showing of actual innocence. He points to no new evidence—nor suggests that any exists—that could satisfy the difficult standard set forth by the Supreme Court in *Schlup*. Instead, he reargues the sufficiency of the evidence

presented at trial and the weight the jury afforded witness testimony. He bases his claim of actual innocence largely on his (mistaken) belief that is was necessary for the State to prove the victim suffered a serious physical injury in order to sustain a conviction for attempted murder. Arguments like Russaw's will not sustain a claim of actual innocence. *See Bousley,* 523 U.S. at 623–24; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987 at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Russaw's is not such a case.

For the reasons discussed, all of Russaw's procedurally defaulted claims are foreclosed from federal habeas review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

It is further

ORDERED that on or before **February 27, 2019**, the petitioner may file objections to the Recommendation.  The petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 13th day of February, 2019.


   /s/  Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE